IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40196
Summary Calendar
_____


THOMAS V. MILLER,

                                    Plaintiff-Appellant,

versus

FIRST NATIONAL BANK OF
  VAN ALSTYNE, TEXAS;
ROBERT H. HYNDS, Trustee;
HYNDS & GORDON LAW FIRM,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CV-257
--------------------
April 2, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Thomas V. Miller argues that the district court erred in granting the defendants' motion to dismiss his complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted because his claims that the defendants defrauded him of his property have not been fully litigated in any forum.  Miller argues that he was entitled to have a jury trial on the factual issues raised in his complaint.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Miller failed to carry his burden of establishing a basis for the district court to exercise its federal subject matter jurisdiction. See Stockman v. FEC, 138 F.3d 144, 151 (5th Cir. 1998). His complaint reflected that the parties were not diverse, and it failed to raise a federal question issue. See 28 U.S.C. §§ 1331, 1332, 1343. Therefore, the district court lacked subject matter jurisdiction over the case.

Miller's appeal failed to raise an issue of arguable merit, and, accordingly, is DISMISSED as frivolous. See 5th Cir. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Miller's four motions for order to investigate theft by Van Alstyne Police & Texas Ranger and his motion to reopen the judgment are DENIED.

The appellees' motion for attorney's fees and double costs under Fed. R. App. P. 38 is GRANTED, and the case is REMANDED to the district court to determine the amount of reasonable attorney's fees incurred on appeal. The appellees should submit a bill of costs to the Clerk of this court.

The court warns Miller that additional frivolous suits or appeals filed by him or on his behalf will invite further sanctions.

APPEAL DISMISSED; SANCTIONS IMPOSED.